IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:08-cr-00023-2 |
| v. ) | |
| ) | Judge Nixon |
| FRANKLIN GUZMAN ) | |

## ORDER

Pending before the Court are the Government's Motion for Interlocutory Sale of Cessna ("Motion to Sell"), seeking permission to sell the Cessna Model 310L aircraft, tail number N3261X ("Cessna"), seized in the investigation of this case (Doc. No. 270), and Defendant Franklin Guzman's Motion to Clarify Court Suggestion that Government Serve Interrogatories on Mr. Guzman ("Motion to Clarify"), requesting that the Court clarify whether the Court intended to compel Mr. Guzman to answer interrogatories regarding the Cessna served by the Government (Doc. No. 390).

The Court held a hearing on September 12, 2013, at which time the parties offered evidence and arguments on the Motion to Sell. The evidence presented at the hearing revealed that the appraisal value at the date of the hearing for the Cessna was $19,000, and had depreciated from an appraisal value of $22,000 in October 2012. (Doc. No. 385 at 77–78.) The Government also provided evidence that the value of the Cessna could be approximately $65,000 to $70,000 if the logbooks were located. (*Id.* at 80.) In addition, at the time of the hearing, the Government had spent approximately $35,500 on storage and maintenance costs for the Cessna. (*Id.* at 79.) The Court directed the Government to submit interrogatories regarding the whereabouts of the logbooks for the Cessna at issue. (*See* Doc. No. 385 at 80–81.)

1

In the Motion to Clarify, Defendant requests clarification of the status of the civil action associated with this case (Case No. 3:08-cv-00594) and argues that (1) the civil action should continue to be stayed while this case remains pending and (2) he should not be forced to answer any interrogatories while this case remains pending. (Doc. No. 390 at 1.)

The Court determines that, given the depreciation of the Cessna and the mounting costs of storing and maintaining it, the Government should not be simultaneously prevented from attempting to find the logbooks and bound to continue paying the costs for storage and maintenance of the Cessna. Accordingly, the Court **ORDERS** Defendant to respond to the following question:

*Does Defendant know the whereabouts of the logbooks for the Cessna?*
Defendant should answer by responding only "Yes," "No," or "Decline to Answer." The Court notes, however, that should the logbooks be unobtainable—regardless of the reason—the Court will grant the Government's Motion to Sell. The associated civil forfeiture action continues to be stayed, and nothing in this Order disturbs the Court's previous order administratively closing that case through the pendency of this matter.

It is so ORDERED.
Entered this the 2nd day of October, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT